F. L. HOXIE, Respondent, v. W. F. LYONS, Appellant.

**Kansas City Court of Appeals, June 6, 1910.**

1. **LEASE: Sub-Tenant: Fraud.** Where a lessee sub-lets to an under-tenant by written lease which recites the lessee's lease from the owner, with some of its provisions, it is the duty of the sub-tenant to read such lease, and he has no ground to charge fraud on account of the lessee not informing him of all its provisions.

2. **LESSEE: Sub-Tenant: Notice to Vacate.** If a landlord notifies a sub-tenant to vacate on account of the lessee not having paid the rent, and before the sub-tenant moves he is informed that the lessee has paid and the landlord accepted the rent, his removing afterwards is not justified by the notice.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Clinton A. Welsh* for appellant.

*W. W. Calvin* and *Bruce Barnett* for respondent.

ELLISON, J.—This is an action for two months' rent of the lower floor and basement of a building in Sedalia. The judgment in the trial court was for the plaintiff.

Plaintiff was the lessee of the premises by a written lease from one Hurley, which provided that he should not sub-let to another unless such other was acceptable to Hurley, and that such sub-letting should not relieve plaintiff from his obligation to pay the rent. It further provided that plaintiff should give Hurley a chattel mortgage on the furniture he was to put in the building, to secure the payment of the rent.

Plaintiff's lease to defendant was a sub-renting for eight months beginning the first of February, 1908, at $150 per month, payable on the 20th of each month, the same day plaintiff was obligated to pay to Hurley. The lease originally read the first of the month, but plaintiff testified defendant himself made the change by writing in the twentieth. Defendant denied that he did so and that issue was submitted to the jury. This lease recites that plaintiff is himself a lessee and that he had to pay the rent promptly in each month to the owner and that if he failed at any time then this defendant could pay the owner and deduct the payment from what would be due plaintiff. This lease further provides that the defendant is to comply in every particular with plaintiff's lease from the owner and he was to protect plaintiff from a violation of any of its terms.

There is a great deal put into the case by defendant relating to what is termed the deception or fraud of plaintiff, in that defendant did not know about the relations existing between plaintiff and his landlord. As already seen, the lease to defendant itself notified him of the other lease to plaintiff, and we cannot see where there is room or ground for a charge of unfair dealing; and attention was called to the fact that plaintiff was himself a lessee, and provisions of his lease were referred to specifically, with the additional provision

that defendant should protect him in all its stipulations. He knew of the lease and if he did not read it, it was altogether his own fault. There was one thing, however, which did not appear in the lease to plaintiff, and that was that Hurley, the lessor, was not the entire owner of the premises. He was a tenant in common with another, whose agent he was.

Defendant entered into possession and paid the rent for two months and vacated the premises. The next two months' rent was not paid and that is the subject of this action.

The foregoing is a much condensed statement. The record shows the trial to have been quite tedious and conducted by the respective counsel along the lines of technicality; each was so determined that the other should not be allowed any testimony that about every page of the record is largely taken up with objections. But proceeding to consider what we deem to be the only things material in the case, we take up first the objection that plaintiff was not the full owner of the premises. As before stated, he was a tenant in common and executed the lease for himself and as agent for the other. Defendant makes several points on this head, principally that his authority as agent was not in writing. But defendant was not disturbed in his lease on that account, and as long as the other owners were satisfied he ought not to complain.

Again it is urged that plaintiff's lessor, Hurley, objected to him as a tenant, not personally, but that he objected to *any* under-tenant on the ground that plaintiff had not given the chattel mortgage on the furniture to secure the rent. He, however, received the rent along as it was due and had for a long time and he never sought to oust defendant on that account, and that, therefore, was no cause for complaint from defendant.

He, however, did notify defendant in writing, on March 21st, to vacate the premises for the non-payment

of rent due the day previous, and defendant shortly thereafter did move out. It seems that by some means plaintiff's agent failed to pay the rent to Hurley the day it was due, but within four days he did pay it, and Hurley accepted it, and defendant knew this before he moved. So that complaint was satisfied. That issue was appropriately submitted to the jury.

The instructions given covered the issues properly. Several for defendant, covering more than six printed pages, were refused. What we have said above makes it unnecessary to treat them separately. Suffice it to say that by far the greater part of defendant's defense was based upon things which he says might have happened to his lease by reason of his holding under plaintiff, but which, in fact, did not happen.

We do not regard the fact that the lease was not filed until the case reached the circuit court, as a ground for reversal.

The judgment was for the right party and is affirmed. All concur.